ADAMS, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAY J. ROBINSON, | ) | |
| | ) | CASE NO. 5:15CR125 |
| Petitioner, | ) | 5:19CV2837 |
| | ) | |
| v. | ) | |
| | ) | Judge John R. Adams |
| UNITED STATES OF AMERICA, | ) | |
| | ) | **ORDER** |
| Respondent. | ) | |
| | ) | |

Pending before the Court is Jay Robinson's motion to vacate filed pursuant to 28 U.S.C. § 2255.  Doc. 64.  Upon review, Robinson's motion is DISMISSED as untimely filed.

28 U.S.C. § 2255(f) provides:

(f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2255 (West).

The Sixth Circuit issued its mandate in Robinson's appeal on March 24, 2017. Robinson, however, did not file the currently pending motion until December 6, 2019, well beyond his one-year deadline. Robinson appears to believe that a change in law within the Sixth Circuit permits his filing. However, "to obtain the benefit of the limitations period stated in § 2255(f)(3), [a movant] must show: (1) that the Supreme Court recognized a new right; (2) that the right 'has been ... made retroactively applicable to cases on collateral review'; and (3) that [the movant] filed his motion within one year of the date on which the Supreme Court recognized the right." *United States v. Mathur*, 685 F.3d 396, 398 (4th Cir. 2012) (quoting § 2255(f)(3)).

Robinson seeks to rely exclusively on a decision of the Sixth Circuit. As such, he cannot satisfy the plain language requirement that the Supreme Court recognize a new right. *See Busch v. United States*, No. 19-4046, 2020 WL 6277420, at *2 (6th Cir. May 20, 2020) ("Busch's *Burris*-based claim does not meet those criteria, because *Burris* did not announce a new rule of constitutional law that the Supreme Court has made retroactive. See 28 U.S.C. § 2255(h). Busch's proposed amendment would therefore be futile."). As a result, Robinson's petition is untimely.

Robinson's petition is hereby DISMISSED as untimely.

IT IS SO ORDERED.

December 31, 2020                              /s/John R. Adams
Date                                                        John R. Adams
                                                                 U.S. District Judge